IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SURESH S. KALKUNTE<br>Plaintiff | * | |
| v. | * | Civil Action No. JKB-15-1814 |
| UNITED STATES DEPARTMENT OF<br>  JUSTICE, LORETTA LYNCH, ATTORNEY<br>  GENERAL<br>UNITED STATES ATTORNEY'S OFFICE,<br>  ROD ROSENSTEIN, U.S. ATTORNEY<br>Defendants | *<br><br>*<br><br>* | |

\*\*\*

## **MEMORANDUM**

The above-captioned complaint was filed on June 19, 2015. The complaint seeks unspecified damages and alleges that plaintiff, a self-represented resident of Dundalk, Maryland, who paid the full filing fee, lost a position as a driver for Blind Industries and Services of Maryland due to the effects of "Electronic Weapon[s]"[1] which create "[a]n assault on my cognitive abilities." ECF No. 1 at 2-5 and Civil Cover Sheet, ECF No. 1-1. Plaintiff has named as defendants the Attorney General of the United States and the United States Attorney for Maryland, alleging they are responsible for the "absence of statutory law to anticipate [and] curb crimes committed using an Electronic Weapon and concomitant forensic capability to detect such crimes," making it impossible for plaintiff to "approach the [p]olice to establish a crime of assault in this context." ECF No. 1 at 2.

Because plaintiff is not proceeding in forma pauperis, no statutory screening is authorized under the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2). Nevertheless, a district court has inherent authority to dismiss a frivolous complaint *sua sponte*. *See Mallard v. United States Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307-08 (1989) (courts have authority to dismiss a

---

[1] Plaintiff alleges that these weapons create electromagnetic energy that emits health-adverse waves and are especially problematic for those with mercury amalgam dental fillings. ECF No. 1 at 2-3.

frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte*, even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

A complaint that is totally implausible or frivolous, such as this, may be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Clearly the allegations asserted by plaintiff are the product of fantasy or delusional thinking that cannot be addressed by this court. The complaint contains no information that might lead to a reasonable conclusion that some plausible cause of action has accrued on plaintiff's behalf. Consequently, this case shall be dismissed by separate order.

DATED this __23rd__ day of June, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge